UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

BRANDON H.,

           Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. 3:23-cv-5044-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. Pro. 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the Administrative Law Judge's (ALJ) decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

      Plaintiff filed his application for DIB on January 2, 2020. AR 335-43. He asserted July 9, 2017, as the date of disability onset, AR 342, and later amended that date to January 1, 2019, AR 21, 187-88. Plaintiff is insured for DIB through September 30, 2024. AR 21. The hearing before the ALJ was held by phone on December 17, 2021. AR 182-219. The ALJ found plaintiff had the following severe impairments: status-post discectomy times 2 for lumbar degenerative disc disease; mild right hip osteoarthritis; sleep apnea; and obesity. AR 23-24.

The ALJ posed hypothetical questions to the Vocational Expert (VE), AR 215-17, and based on the VE's testimony, the ALJ found plaintiff had the Residual Functional Capacity (RFC) to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), with some additional limitations not relevant here.[1] AR 26-27. The ALJ found that given these restrictions, Plaintiff would be precluded from performing any of his past relevant work but could work, instead, as a document preparer, election clerk, or call out operator. AR 30-31.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

---

[1] The ALJ that found that plaintiff was limited to no more than occasional kneeling, crouching, crawling, stooping, balancing, or climbing of ramps and stairs; that he required the use of a cane; that he would be precluded from climbing ropes, ladders, or scaffolds; and that he would need to avoid concentrated exposure to temperature extremes, dust, fumes, gases, poor ventilation, and other noxious odors. AR 26-27.

DISCUSSION

**1. Plaintiff's statements regarding subjective symptoms**

Plaintiff contends that the ALJ erred in rejecting his testimony that sitting was often painful for him and that he would need to lie down during the day. *See* Dkt. 7 at 3-12. Plaintiff testified that, most days, he cannot sit for more than four hours without having to lie down, that he lies down for prolonged periods each day due to pain, and that several days a month he cannot leave bed because of pain. AR 197-200.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). The ALJ found that plaintiff presented evidence of an underlying impairment which could be expected to produce the alleged symptoms. AR 27. In such a circumstance, "the ALJ can reject [plaintiff's] testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons," unless there is evidence of malingering. *Garrison*, 759 F.3d at 1014-15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). In so doing, "[t]he ALJ must state specifically which symptom testimony is not credible and which facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284.

Here, the ALJ made no specific finding regarding plaintiff's testimony about sitting and lying down. *See* AR 28-30. Defendant urges the Court to consider the full decision and draw "reasonable inferences" from it. Dkt. 14 at 3 (citing *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989)). But the ALJ's general reasons for rejecting plaintiff's testimony are either not clear and convincing or they cannot be reasonably imported to plaintiff's specific testimony regarding sitting and lying down.

3

First, the ALJ discounted plaintiff's testimony because he found plaintiff's pain had improved. AR 28-29. The ALJ did not make a specific finding that any particular symptoms had improved. *See* AR 28. Rather, the ALJ made the general statement that "[r]eports also suggest [plaintiff's] pain is much improved." *Id.* (citing 1129-57, 1181-1217, 1223-1368, 1374-75, 1517). Defendant does not suggest that these reports established that plaintiff no longer had any disabling pain whatsoever, or that they undermined his specific testimony about sitting and lying down. *See* Dkt. 14 at 4-7. Defendant argues instead that "[plaintiff's] steady improvement belied his testimony that since his second surgery things got worse," undermining all of his symptomatic allegations. Dkt. 14 at 4, 6 (citing *Smartt v. Kijikazi*, 53 F.4th 489, 500 (9th Cir. 2022) and *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)).

To be sure, an inconsistency between objective medical evidence and subjective testimony may "undercut[] such testimony." *Smartt*, 53 F.4th at 498. And where a claimant makes clearly inconsistent statements, the ALJ can find that a claimant's "lack of candor carrie[d] over" to other statements she made. *See Thomas*, 278 F.3d at 959 (ALJ reasonably "lack of candor" about substance use and work history "carried over").

But in this case, there is no specific inconsistency between plaintiff's testimony regarding sitting and lying down and the medical evidence, nor is there any evidence of plaintiff having made inconsistent statements. Plaintiff testified that his pain improved in some respects but persisted or worsened in others. AR 189-93, 197-201. The reports cited by the ALJ support this testimony. *See e.g.*, AR 1303 (describing progress on some short-term goals, but still noting pain while standing and walking); 1285 ("physical therapy has been very helpful" but "[h]is symptoms are exacerbated by sitting"). And

some reports support plaintiff's claims that his pain got worse after his second surgery. *See e.g.*, 1184 ("his pain [has] progressively been getting worse" after second surgery); AR 1133 (describing "severe and debilitating muscle spasms" five months after second surgery); 1143 ("more back spasms"); 1149 (exercising pains).[2]

Additionally, physical exam findings not discussed by the ALJ from nine to thirteen months after plaintiff's second surgery support his claim that he continued to experience pain. *See* AR 1186 (limited range of motion, leg pain indicated by positive straight leg raising, decreased sensation); 1449 (same); 995 (decreased sensation); 1434 (same); 1425 ("sharper" back pain). Rather than discussing these physical exam findings, the ALJ relied upon a single normal exam from a primary care appointment unrelated to plaintiff's back or leg pain. AR 28 (citing AR 1532-33). An ALJ cannot, as the ALJ did here, "cherry-pick[]" some parts of the medical evidence but, rather, must evaluate conflicts within the evidence "in context." *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).[3]

Defendant urges that the ALJ's finding is supported by findings of state agency examiners in August 2020 that plaintiff's symptoms were likely to improve. Dkt. 14 at 5-6 (citing AR 232, 246-47). But these opinions merely project plaintiff's symptoms in late 2020 and 2021 and do not consider plaintiff's alleged limitations with respect to sitting.

---

[2] Defendant also argues that, "[d]espite alleging disability since July 2017, [plaintiff] presented no objective evidence from this period." Dkt. 14 at 4. But plaintiff amended his alleged onset date to January 1, 2019, at his hearing, as the ALJ noted at the beginning of his decision. AR 21, 187-88.

[3] Defendant acknowledges that the ALJ "focused on the reports of improvement rather than discuss[ing] the objective medical evidence" which, according to defendant, was "reasonable because the ALJ 'is the final arbiter with respect to resolving ambiguities.'" Dkt. 14 at 6 (citing *Smartt v. Kijikazi*, 53 F.4th 489, 499 (9th Cir. 2022)). But where the ALJ rejects plaintiff's testimony because it "[is] not entirely consistent with the medical evidence," AR 28, the ALJ's duty to "set forth the reasoning behind [his] decision[]" does require discussing the medical evidence. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

*See* AR 232, 247. They are therefore not inconsistent with plaintiff's December 2021 testimony alleging pain from sitting and a need to lie down.

The ALJ also found that plaintiff's activities of daily living suggested a higher level of physical functioning than alleged. AR 29-30. Such activities justify an adverse credibility finding if they are "inconsistent with [plaintiff's] claimed limitations." *Garrison*, 759 F.3d at 1015 (quoting *Reddick*, 157 F.3d at 722). Here, the ALJ pointed to many activities that do not involve sitting and, thus, are not inconsistent with plaintiff's testimony regarding sitting-related pain—walking, hiking, doing chores, shopping, and going to doctor's appointments. AR 29-30. The ALJ also pointed to plaintiff's activities of reading, watching television, and playing games with his son, which do involve sitting. *Id.* However, plaintiff testified that, on some days, he could not engage in these activities for more than 30 to 45 minutes without pain. AR 197. He often did these activities in a reclining chair. *Id.* And he indicated on his function report—on which the ALJ relied, AR 29-30—that he could only do these activities in "short bursts." AR 445. Given these qualifications, these activities are consistent with plaintiff's testimony that he cannot sit for prolonged periods of time without needing to lie down.

The ALJ found that plaintiff's part-time employment as a bouncer at a bar through October 2019 undermined his alleged limitations. AR 30. Although the ALJ could consider plaintiff's "prior work record," 20 C.F.R. § 404.1529(c), this particular work record does not undermine plaintiff's testimony. First, plaintiff left the position after his symptoms prohibited him from performing the job. AR 190. Such a work history does not undermine plaintiff's allegations of symptoms prohibiting employment. *See Ligenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007). Second, without further

development of the record, it is unclear whether this work history conflicts with plaintiff's allegations of difficulty sitting without lying down. There is no evidence, for instance, as to whether plaintiff stood, sat, or did both while performing the job. See AR 190; *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence . . . triggers the ALJ's duty to conduct an appropriate inquiry."). Defendant suggests the position was consistent with the ALJ's decision because it involved light work. See Dkt. 14 at 1-2 (citing *Dictionary of Occupational Titles*, Bouncer #376.667-010 (4th ed. 1991)). But if someone is unable "to sit for long periods of time," their ability to do light work does not necessarily mean they can do sedentary work. 20 C.F.R. § 404.1567(b).

  The ALJ also pointed to plaintiff's weight loss and increased exercise as a reason for rejecting plaintiff's testimony. AR 28, 29. Plaintiff lost ninety pounds over several years after making dietary changes and engaging in regular exercise, consisting of walking and a few proscribed weight exercises. See AR 30, 1135, 1138, 1141, 1373-74, 1517. As discussed, these exercise activities are not inconsistent with plaintiff's testimony regarding sitting-related pain and the need to lie down. Furthermore, the ALJ found that plaintiff's weight exacerbated some of plaintiff's symptoms, including his ability to sit. AR 28. But the ALJ made no specific finding and cited no medical evidence suggesting plaintiff's symptoms would be alleviated by his weight loss trajectory. See *Brown-Hunter*, 806 F.3d at 492 (The ALJ must "set forth the reasoning behind [his] decision[]."); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[A]dministrative law judges . . . must be careful not to succumb to the temptation to play doctor" by substituting their own judgment for medical evidence).

In sum, the ALJ erred in evaluating plaintiff's testimony that he could not sit for prolonged periods and needed to lie down during the day. An error is harmless if it is "inconsequential" to the "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Here, the ALJ found plaintiff had the RFC to engage in sedentary work—that is, work "which involves sitting." 20 C.F.R. § 404.1567(a). Had plaintiff's testimony about pain from sitting been credited, additional limitations would have been included in the ALJ's hypothetical to the Vocational Expert, and the RFC would potentially be changed. Thus, the ALJ's decision must be reversed and remanded.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings. On remand, the Commissioner is directed to conduct a de novo hearing and allow plaintiff to present additional evidence. The Commissioner is directed to re-evaluate plaintiff's statements about his symptoms and work-related limitations, and conduct the five-step analysis.

Dated this 17th day of October, 2023.

Theresa L. Fricke
United States Magistrate Judge